Casey, C. J.,
delivered the opinion of the Court.
The claimant was consul and commercial agent of the United States at Honolulu in 1839 to 1841. During this time a cargo of the store- *112 ship Relief was left in his charge, for the use of the exploring expedition under Captain Wilkes. A similar cargo of the bark Flora was also placed in his custody. These cargoes were kept, distributed, and disbursed by Mr. Brinsmade. An invoice of the amount and value of the latter cargo accompanied it, hut no invoice or schedule of value was received with the Relief.
Mr. James D. Stevenson for the claimant,
Mr. J. J. Weed, Assistant Solicitor, for the' government,
In 1842 the claimant presented an account to the Navy Department for his services in taking ehai-ge of and disbursing the cargo of the Flora, being two and a half per cent, commission upon the value of the cargo, and twenty per cent, upon the sum it amounted to as the rate of exchange between the Sandwich Islands and the United States. He was not allowed anything on account of the cargo of the Relief, nor had he any data upon which he could state an account. On his application, some years subsequent to the payment of the commissions on the cargo of the Flora, the Secretary of the Navy ascertained the value of the cargo of the Relief, from data on file in the department, to be eighteen thousand sixty-two dollars and fifty cents, ($18,062 50,) but refused to allow the compensation, on the ground that the claim was a stale one.
The evidence shows that Mr. Brinsmade performed the service, and that he did so acceptably and faithfully; that he was entitled to the amount under the regulations and usage of the department, and that the claim was made in due time. Inasmuch as the claimant was residing abroad, and the department had on file all the data for the adjustment of the account, we cannot regard him as remiss.
The claim now made is for two and a half per cent, commissions on the value of the cargo, and twenty per cent, on the sum that it amounts to at the rate of exchange between the United States and the Sandwich Islands. But, inasmuch as the money is to be paid here, and is not to be transmitted to Honolulu, we see no good reason for allowing the rate of exchange. We therefore find in favor of the claimant for the sum of four hundred and fifty-one dollars and fifty-five cents, ($451 55,) and direct judgment to be entered accordingly.